UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| JOSHAWN TAYLOR, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 2:17-cv-00379-JMS-DLP |
| WENDY KNIGHT, | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Joshawn Taylor for a writ of habeas corpus challenges Indiana prison disciplinary proceeding number CIC 17-03-0237. For the reasons explained in this Entry, Mr. Taylor's habeas petition is **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

B.   **The Disciplinary Proceeding**

On March 15, 2017, Indiana Department of Correction (IDOC) Officer Bartlett was conducting routine searches of inmates. He found what he believed to be a controlled substance on petitioner Joshawn Taylor and wrote a Conduct Report charging Mr. Taylor with possession of a controlled substance, a B-202 violation. Officer Bartlett's Conduct Report provides:

> On 3/15/17 at approximately 2:00PM, I Officer Bartlett was conducting a routine strip search for a shakedown. During the strip search, I located an altered pen behind the ear of Offender Taylor, Joshawn #245340 (13B-3E). There was an unknown substance inside the pen with black burn marks.

Dkt. 8-1.

Mr. Taylor was formally notified of the charge on March 18, 2017, when he received the Screening Report. Dkt. 8-2. He pleaded not guilty to the charge, requested a lay advocate, and requested that the found substance be tested. *Id.* A prison official, Investigator Poer, denied the request to have the substance tested. Dkt. 10 (ex parte investigative report). In Investigator Poer's assessment, the altered pen was an item of drug paraphernalia, which is prohibited under code provision B-202, and therefore testing was not necessary. *Id.*; *see also* dkt. 8-5 (photograph of altered pen).

The IDOC's Disciplinary Code for Adult Offenders, offense code section B-202, provides:

> 202   Possession or Use of Controlled Substance
>
> Possession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or *possession of drug paraphernalia*.

https://www.in.gov/idoc/files/02-04-101_appendix_i-offenses_6-1-2015(1).pdf (emphasis added) (last visited Aug. 14, 2018).

A hearing was held on March 21, 2017. Mr. Taylor had "nothing to say." Dkt. 8-7. Based on the staff reports and Investigator Poer's report about the altered pen, the hearing officer found

Mr. Taylor guilty of the B-202 violation, possession of a controlled substance. *Id.* The hearing officer wrote that the "[s]ubstance is a drug look alike or an article of drug paraphernalia." *Id.* The sanctions imposed included a loss of earned credit time. *Id.*

Mr. Taylor appealed to the Facility Head and then the IDOC Final Reviewing Authority; both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Taylor presents three grounds for relief in his petition. First, he contends that he was denied evidence – specifically the prison's refusal to test the altered pen – which made it impossible to present a defense. Second, Mr. Taylor takes issue with not being given the Investigator's email on the reason the altered pen was not tested, noting that he was not allowed access to it because it contained staff e-mail addresses. He believes he might have successfully defended his case if he had the e-mail. Third, Mr. Taylor seeks relief because his lay advocate did not actually assist him. He frames this ground as an ineffective assistance of counsel claim.

**Ground One**

In the context of this disciplinary proceeding, it was not a denial of due process for prison officials to deny testing of the altered pen. Inmates facing disciplinary actions have no right to laboratory testing so long as the evidence is otherwise sufficient. *See Manley v. Butts*, 699 Fed. Appx. 574, 576 (7th Cir. 2017) ("Manley was not entitled to demand laboratory testing and publications about the reliability of the particular field test, just as the hearing officer implied by calling those demands unreasonable. Prison administrators are not obligated to create favorable evidence or produce evidence they do not have. Without a specific reason to doubt the field test – and no reason was suggested by Manley – the hearing officer could rely on the results of the field

3

test.") (citing *Ellison v. Zatecky*, 820 F.3d 271, 275 (7th Cir. 2016). Additionally, even in a criminal case, "neither expert testimony nor a chemical test of the substance" is necessary to prove that a substance is prohibited. *United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004).

In this context, Mr. Taylor was found with an altered pen that appeared to be used to consume contraband. The photograph of the pen shows something that looks like a makeshift smoking pipe. Because the IDOC code section, B-202, also prohibits possession of drug paraphernalia, the charge against Mr. Taylor could be proved without testing the black residue inside the pen. Accordingly, testing of the substance inside the paraphernalia would not have affected the outcome of the hearing. This ground for relief is therefore **denied**.

**Ground Two**

Mr. Taylor's second ground for relief contends that if he had access to the actual e-mail sent by Investigator Poer stating why the substance in the altered pen would not be tested, he might have "won my case." Dkt. 1. However, the e-mail contained nothing exculpatory, nothing that cast doubt on the strength of the prison's case against Mr. Taylor, and nothing that Mr. Taylor could have used to develop a defense to the charge. Rather, it merely stated that the altered pen was itself paraphernalia, which the possession of is proscribed by the Adult Disciplinary Code, and therefore the substance itself was irrelevant to the charge.

There is no reason why the e-mail addresses on Investigator Poer's e-mail could not have been redacted from the e-mail and it, or at least its contents, conveyed to Mr. Taylor. But because there was no prejudice from the withholding of the e-mail, this ground for relief is **denied**. *See Jones*, 637 F.3d 841, 847 (7th Cir. 2011) (harmless error doctrine applicable to prison disciplinary actions); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (same).

**Ground Three**

Mr. Taylor's final ground for relief contends that he was denied due process because his lay advocate did not speak for him at the disciplinary hearing. Lay advocates, unfortunately for Mr. Taylor, are not constitutionally required except in limited circumstances not applicable here. *See Miller v. Duckworth*, 963 F.2d 1002, 1003 (7th Cir. 1992) ("Finally, the Court concluded that due process did not require that the prisoner be appointed a lay advocate, unless 'an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" (quoting *Wolff*, 418 U.S. at 570)); *see Wilson-El v. Finnan*, 263 Fed. Appx. 503, 506 (7th Cir. 2008). Because due process protections are not implicated here, habeas corpus relief on this ground is not available. Mr. Taylor's third ground for relief is accordingly **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Taylor to the relief he seeks. Accordingly, Joshawn Taylor's petition for a writ of habeas corpus is **denied.** Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/14/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Joshawn Taylor
245340
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Abigail T. Rom
INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov